IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0916
════════════
 
Pleasant Glade Assembly of 
God, Reverend Lloyd A. McCutchen,
Rod Linzay, Holly Linzay, Sandra 
Smith,
Becky Bickel, and Paul 
Patterson, Petitioners,
 
v.
 
Laura Schubert, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Second District of 
Texas
════════════════════════════════════════════════════
 
 
Argued April 12, 
2007
 
 
Justice Johnson, 
dissenting.
 
I dissent for 
the reasons stated below, as well as for the reasons stated by Chief Justice 
Jefferson in parts II-A, III, and IV of his dissent, which I join.
            
Pleasant Glade’s[1] position on damages in its mandamus 
action and in this appeal is set out by the Court as follows:
 
            
Pleasant Glade’s mandamus petition, however, merely distinguished Laura’s 
bodily injury claims from her emotional damage claims. That distinction is 
consistent with its present appellate contention that the award of damages for 
Laura’s emotional injury is barred by the First Amendment. . . . Pleasant Glade 
argues on appeal that the First Amendment protects it from liability for Laura’s 
emotional injuries connected with its religious practices . . . .
 
            
. . . .
 
            
. . . [W]e next consider whether the church’s 
religious practice of “laying hands” is entitled to First Amendment protection. 
Pleasant Glade contends the First Amendment protects it against claims of 
intangible harm derived from its religious practice of “laying hands.”
 
 
___ S.W.3d at ___. In its brief on the merits, Pleasant Glade 
specifically disclaims seeking to avoid liability for bodily injuries to 
Laura:
 
Petitioners have never 
claimed that the First Amendment somehow gives them immunity to commit 
intentional bodily injury. Instead, the First Amendment protections 
prevent religious beliefs and conduct from being put “on trial” to see if 
psychologists and the general public (the jury) agree with their practices. Tort 
liability certainly does not disappear. But, it must be limited.
 
            
. . . .
 
            
. . . If a church or pastor is sued for bodily injury, such as a car 
wreck or a broken arm, then the First Amendment does not apply.
 
 
            
In this regard, it is notable that Pleasant Glade does not make 
two claims in its appeal that bear on this case. First, the church’s position is 
not that the “laying on of hands” doctrine encompasses forcefully and physically 
restraining persons and holding them down on the floor for extended periods of 
time against their will as the evidence here would have allowed the jury to 
believe was done. Although Senior Pastor McCutchen, in 
his affidavit, does not specifically disclaim extended physical restraint as 
being part of the doctrine of “laying on of hands,” he 
intimates as much:
 
I 
certainly did not hold Laura Schubert down on the floor of the church, or ever 
hold her against her will. I did not instruct or direct any one else to do so. I 
did not see or hear any one else direct people to hold Laura Schubert against 
her will.
 
He does not 
assert in the affidavit that such courses of conduct do come within the 
doctrine. And second, Pleasant Glade does not urge on appeal that damages for 
physical injuries and pain Laura suffered because of the intentional acts to 
restrain her are precluded by the First Amendment.
            
The Court rightly says that freedom of belief may be absolute, but 
freedom of conduct is not. ___ S.W.3d ___. It then 
bypasses the difference between Laura’s physical pain damages and her mental and 
emotional anguish by misreading the trial record as containing proof related 
solely to her subsequent emotional or psychological injuries. Laura testified 
that while she was going through the two episodes
 
I was 
feeling pain. I was feeling--the only thing, I felt like somebody was going to 
break my leg. I felt like I could not breathe. . . . I had known that I had had 
the carpet burns and stuff, and I showed them to [my mother]. . . . [T]hey saw 
the bruises on my shoulders. . . . I lifted up the back of my shirt and showed 
her all the carpet burns that were on the back of it.
 
 
            
The difficulty with the Court’s conclusion and holding is pointed out by 
Chief Justice Jefferson: Laura claimed damages for physical injuries and pain as 
well as mental anguish; Pleasant Glade disclaims immunity from damages for 
physical injuries; there is legally sufficient evidence Laura suffered physical 
injuries, physical pain, and mental anguish; physical pain and mental anguish 
were submitted together in one damages subpart, and the jury found one damages 
amount; and the church does not challenge the legal sufficiency of the evidence 
as to physical pain.
            
Laura’s testimony was evidence of, and raised the inference that, she 
suffered physically and endured both physical pain and mental anguish as a 
result of the restraints and her struggles against them. Her parents testified 
that she was bruised and scraped. Not only was there direct evidence of physical 
injury and pain from the restraints, but it was within the knowledge of the 
jurors, and the jurors were entitled to infer, that physical pain would 
accompany the extended forceful physical restraints that resulted in bruises and 
scrapes. The church did not object to the joint submission of physical pain and 
mental anguish damages with only one answer blank. Accordingly, the evidence is 
measured against the charge given. See St. Joseph Hosp. v. Wolff, 
94 S.W.3d 513, 530 (Tex. 2002) (noting that when the charge is 
submitted without objection, the sufficiency of the evidence is measured against 
the charge given). I would hold that there is legally sufficient evidence to 
support damages for physical injury and pain even if all evidence of Laura’s 
subsequent and ongoing intangible psychological injuries were to be disregarded. 
Thus, the judgment for damages from physical pain and mental anguish should be 
upheld.
            
The Court says that intangible, psychological injury, without more, 
“cannot ordinarily serve as a basis for a tort claim against a church or its 
members for its religious practices.” ___ S.W.3d at 
___. I agree. But rather than preclude recovery for physical injuries and 
pain such as are involved in this case in which there are also claims for 
subsequently-occurring emotional injuries that relate to both the physical 
restraint and religious practices, I would preclude damages for those emotional 
injuries for which there is any evidence of causation by religious beliefs or 
teachings. This would prevent the “entanglement” with First Amendment issues 
with which the Court is properly concerned. I would not make that preclusion an 
affirmative defense as Chief Justice Jefferson advocates because it is hard to 
see how such an affirmative defense would work in a practical sense. It would 
require presenting evidence of and, at least to some degree, evaluating the 
religious beliefs involved. And religious beliefs in many, if not most, 
instances are not just beliefs—they are among individuals’ most deeply-held 
convictions. Asking jurors to separate themselves from convictions as to their 
own or another’s religious beliefs and to dispassionately evaluate damages 
related to those beliefs, in my view, asks too much of them.
            
I would hold that whether alleged mental and emotional damages resulted 
to any degree from religious beliefs and teachings should be determined by the 
trial court as a matter of law. Evidence of religious practices and beliefs 
should be precluded by means of pretrial hearings or motions in limine, as was done for the most part in this case. If the 
question could not be decided until after all the evidence was presented, the 
trial court could either direct a verdict as to damages other than those from 
physical injury and pain or submit separate questions as to each element of 
damages so the First Amendment issue as to emotional or psychological damages 
could be properly isolated. The trial court could then consider granting 
judgment notwithstanding the verdict as to emotional damages. Limiting evidence 
and submitting a separate damage question for physical injuries and pain 
protects all interests involved: the individual claiming damages, the church, 
and members of the church.
            
I would affirm the judgment of the court of appeals.
 
 
 
 
            
            
            
            
            
            
________________________________________
            
            
            
            
            
            
Phil Johnson
            
            
            
            
            
            
Justice
 
OPINION DELIVERED: June 
27, 2008






[1] 
Laura’s suit was against Pleasant Glade Assembly of God Church, its senior 
pastor, youth minister, and several individual members of the church. All the 
defendants will be referred to collectively as “Pleasant Glade” or “the 
church.”